**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID SANCHEZ DIAZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

CODDI-WES I, LLC
d/b/a REBELLION
1836 18th Street NW
Washington, DC 20009

PHMC-AVA, LLC
d/b/a REBELLION ON THE PIKE
2900 Columbia Pike
Arlington, VA 22204

BRIAN DON WESTLYE
2510 N Shelley Street
Alexandria, VA 22311

    Defendants.

Civil Action No. _____

# COMPLAINT

1.    Defendants did not pay Plaintiff overtime wage while he worked as a food runner and janitor at Defendants' two "Rebellion" restaurants.

2.    Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff David Sanchez Diaz is an adult resident of Prince George's County, Maryland.

6. Defendant CODDI-WES I, LLC is a District of Columbia corporate entity. It does business as Rebellion. Its principal place of business is located at 1836 18th Street NW, Washington, DC 20009. Its registered agent for service of process is Cardinal Registered Agents LTD, 1150 Connecticut Avenue NW, Suite 900, Washington, DC 20036.

7. Defendant PHMC-AVA, LLC is a Virginia corporate entity. It does business as Rebellion on the Pike. Its principal place of business is located at 2900 Columbia Pike, Arlington, VA 22204. Its registered agent for service of process is Martin J.A. Yeager, 524 King Street, Alexandria, VA 22314.

8. Defendant Brian Don Westlye is an adult resident of Virginia. He resides at 2510 N Shelley Street, Alexandria, VA 22311. He is an owner and officer of Defendant CODDI-WES I, LLC and PHMC-AVA, LLC. He exercises control over the operations of CODDI-WES I, LLC and PHMC-AVA, LLC — including their pay practices.

**Factual Allegations**

9. Defendants own and operate two "Rebellion" restaurants: "Rebellion," located at 1836 18th Street NW, Washington, DC 20009, and "Rebellion on the Pike," located at 2900 Columbia Pike, Arlington, VA 22204.

10. Plaintiff worked at Rebellion from approximately August 1, 2016 through approximately November 2, 2019.

11. Plaintiff worked at Rebellion on the Pike from approximately March 1, 2019 through approximately November 2, 2019.

12. Initially, Plaintiff worked at Rebellion as a food runner. But starting in January 2017, Plaintiff started working worked at Rebellion as both a janitor and a food runner.

13. At Rebellion on the Pike, Plaintiff worked exclusively as a janitor.

14. As a janitor, Plaintiff cleaned each restaurant's bathrooms, chairs, tables, and bars. Plaintiff also cleaned all floor spaces at both restaurants, including the basement and roof top terrace at Rebellion, the second floor at Rebellion on the Pike, and the spaces outside of each restaurant. On the weekends, Plaintiff did additional cleaning, including the windows and doors.

15. Prior to approximately January 1, 2017, Plaintiff typically and customarily worked approximately twenty-four hours per week.

16. From approximately January 1, 2017, through approximately February 28, 2019, Plaintiff typically and customarily worked six days per week.

17. From approximately January 1, 2017, through approximately February 28, 2019, Plaintiff typically and customarily worked approximately forty-four hours per week.

18. Starting on approximately March 1, 2019, Plaintiff typically and customarily worked approximately seven days per week.

19. Starting on approximately March 1, 2019, Plaintiff typically and customarily worked approximately fifty-four hours per week.

20. At all relevant times, Plaintiff worked approximately twenty-four hours per week as a food runner — and the balance as a janitor.

21.     Defendants paid Plaintiff according to the type of work that he performed. For his work as a food runner, Defendants paid Plaintiff by the hour. But for his work as a janitor, Defendants paid him a weekly salary.

22.     For his work as a food runner, Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rates |
| --- | --- |
| Jan. 01, 2017–Jun. 30, 2017 | $10.00 |
| Jul. 01, 2017–June 30, 2018 | $10.50 |
| Jul. 01, 2018–Jun. 30, 2019 | $11.00 |
| Jul. 01, 2019–Nov. 02, 2019 | $11.50 |

23.     For his work as a janitor, Defendants paid Plaintiff approximately the following weekly salaries:

| Approximate Dates | Weekly Salaries |
| --- | --- |
| Jan. 01, 2017–Feb. 28, 2019 | $500.00 |
| Mar. 01, 2019–Nov. 02, 2019 | $1,000.00 |

24.     At all relevant times, Defendants paid Plaintiff by check.

25.     Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

26.     Defendants paid Plaintiff the same effective hourly rate across all hours worked.

27.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

28.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $10,200.00 in overtime wages (excluding liquidated damages).

29.     Defendant Westlye determined Rebellion and Rebellion on the Pike's hours of operation.

30.     Defendant Westlye signed Plaintiff's paychecks.

31. Upon information and belief, Defendant Westlye decided, or participated in the decision, to fire Plaintiff.

32. At all relevant times, Defendants coordinated Plaintiff's schedule so as not to cause a conflict between the operations of both Rebellion and Rebellion on the Pike. For example, Plaintiff was instructed to clean Rebellion early in the morning, then immediately after clean Rebellion on the Pike, so that he would have time to return to Rebellion to work as a food runner in the evenings.

33. On approximately November 2, 2019, Plaintiff was fired simultaneously from both restaurants.

34. In addition to Plaintiff, Defendants have employed other individuals to work at Rebellion and Rebellion on the Pike during the same workweeks.

35. For example, Defendants have used the same managerial staff to operate both Rebellion and Rebellion on the Pike. For example, Travis Weiss is the director of culinary concepts at both restaurants and oversees staff in the kitchens at both restaurants.

36. Furthermore, Defendants have shared ingredients and supplies between both Rebellion and Rebellion on the Pike.

37. At all relevant times, Defendants had the power to hire and fire Plaintiff.

38. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

39. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

40. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

42. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

43. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

44. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

45. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

46. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

48. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

49. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

50. Defendants' violations of the FLSA were willful.

51. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

52. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

54. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

55. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

56. Defendants' violations of the DCMWA were willful.

57. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

### FAILURE TO PAY WAGES UNDER THE DCWPCL

58. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

60. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

61.  The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

62.  For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

63.  Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

64.  Defendants' violations of the DCWPCL were willful.

65.  For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$47,564.00**, and grant the following relief:

    a.    Award Plaintiff $40,800.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

   iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

 b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

 c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $6,364.00);

 d. Award Plaintiff court costs (currently, $400.00); and

 e. Award any additional relief the Court deems just.

Date: November 22, 2019        Respectfully submitted,

                <u>/s/ Justin Zelikovitz</u>
                JUSTIN ZELIKOVITZ, #986001
                DCWAGELAW
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

                <u>/s/ Justin Zelikovitz</u>